UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TCYK, LLC, </br></br> Plaintiff, </br></br> v. </br></br> DOE, subscriber assigned </br> IP Address 98.228.227.75 </br> (Formerly Doe No. 11) </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 13-cv-7074 </br> ) </br> ) </br> ) Hon. Robert M. Dow Jr. </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SUBPOENA, VACATE ORDER GRANTING DISCOVERY, AND TO DISMISS

Defendant DOE (identified in Plaintiff's Complaint for Copyright Infringement solely by IP Address 98.228.227.75), by and through Defendant's undersigned counsel, submits this Memorandum of Law in Support of Defendant's Motion to Quash Subpoena, Vacate Order Granting Discovery, and to Dismiss ("Motion"), and respectfully moves this Court for an order vacating the Court's October 10, 2013 order granting Plaintiff's Motion for Leave to take Discovery Prior to Rule 26(f) Conference, quashing the subpoena to Comcast Cable Holdings, LLC, and dismissing this action. In support of its Motion, Defendant Doe respectfully states as follows:

### I. INTRODUCTION AND PROCEDURAL HISTORY

On or about May 23, 2013, Plaintiff filed its original Complaint for Copyright Infringement against Defendant Doe and forty-three other unidentified Doe defendants in the case styled *TCYK, LLC v. Does 1-44,* 13-cv-3825 ("Original Lawsuit"). The Original Lawsuit alleged that Does 1 through 44 infringed Plaintiff's copyright in a motion picture by copying and transferring it on the internet in a "swarm" using BitTorrent software. Such action is one of over 65 virtually identical lawsuits filed by Plaintiff from April 2013 through August 2013 against

over 2,500 John Doe defendants (collectively, "TCYK Lawsuits"). Defendant Doe—identified in the Original Lawsuit as Doe 11—filed a Motion to Sever and Dismiss and Motion to Quash Subpoena and Vacate Order Granting Discovery ("Original Motion"). Rather than respond to Defendant Doe's Original Motion, Plaintiff voluntarily dismissed Defendant Doe from the Original Action and filed the instant action against Defendant Doe, individually. Upon information and belief, Plaintiff has voluntarily dismissed other "Doe" defendants in the TCYK Lawsuits that have challenged Plaintiff's mass joinder of multiple Doe defendants in a single action and has filed individual lawsuits against those defendants.

In this action, Plaintiff filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference ("Motion for Early Discovery"). [Doc. #8] The motion—which was unopposed due to the fact that Defendant has not been served and did not receive notice of the motion—was granted on or about October 10, 2013. [Doc. #10] Thereafter, Plaintiff issued a subpoena to Comcast Cable Holdings, LLC ("Comcast") seeking the name, address, telephone numbers and other information of Defendant Doe. Defendant did not receive notice of Plaintiff's Motion for Early Discovery and, therefore, had no opportunity to previously object to such motion.

## II. ARGUMENT

The Court's Order Granting Early Discovery Should Be Vacated and the Subpoena Issued to Comcast Quashed. Federal Rule of Civil Procedure 26(d) provides that "except in categories exempted from initial disclosures[s] or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. Pro. 26(d). Plaintiff's Motion for Early Discovery was unopposed because Defendant Doe has not been served and did not receive notice of the motion. Illinois courts allow motions for early and expedited discovery only on a showing

of "good cause". See *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012). "'Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* quoting *Hard Drive Prods., Inc. v. Doe*, No. 11-3074, 2012 WL 90412, at *1 (E.D. Cal. Jan. 11, 2012).

The Complaint identifies Defendant Doe only by an Internet Protocol ("IP") address allegedly assigned to Defendant Doe by an internet service provider. (Compl. ¶8). The Complaint alleges "on information and belief" that "Defendant was observed infringing Plaintiff's motion picture at 3:04:16 AM UTC on April 21, 2013" using the identified IP address. (Complt., ¶9). Such allegation is merely "on information and belief", and Plaintiff fails to alleged who observed such alleged activity or how such alleged activity was "observed". Due to the nature of BitTorrent and the problematic identification of infringing parties by IP addresses, Plaintiff does not have good cause to conduct expedited discovery prior to a Rule 26(f) conference. Many courts have recognized that a showing of good cause is especially important in copyright infringement cases because an IP subscriber is often not the copyright infringer. See *TCYK, LLC vs. Does 1-28*, No. 13 C 03839 (June 24, 2013) (Doc. #10) ("the increasing ubiquity of wireless networks undermines the copyright holder's assumption that the ISP subscriber is the copyright infringer") citing *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11 C 3995, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012) ("a single IP address usually supports multiple computer devices" and "[d]ifferent family members, or even visitors, could have performed the alleged downloads [and] [u]nless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film"); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (noting that the risk

of false positives is not speculative as "Plaintiff's counsel estimated that 30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material"); *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011) ("The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment").

In *VPR Internationale v. Does 1-1017*, the District Court for the Central District of Illinois denied a copyright holder plaintiff's motion for expedited discovery in order to obtain the identified of subscribers linked to IP addresses. *VPR Internationale*, 2011 WL 8179128 at *2. The Court denied the plaintiff's request for reconsideration and certification for interlocutory review, finding that identifying defendants by IP addresses is too tenuous and the potential of harm to defendants to great. Id. The Court explained: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [the plaintiff] has competent evidence to prove its case." Id. This risk of false positives gives rise to "the potential for coercing unjust settlements from innocent defendants.") *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). Furthermore, the Court in *VPR Internationale v. Does 1-1017*, held that "until at least one person is served, the court lacks personal jurisdiction over anyone" and that "the imprimatur of this court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class actions." *VPR Internationale*, 2011 WL 8179128, at *2.

In support of its Motion for Early Discovery, Plaintiff provides an *unsigned* Declaration of Darren Griffin ("Declaration"), which provides little additional information than what Plaintiff has alleged in its Complaint. [Doc. #8, Ex. A] The Motion for Early Discovery should be

vacated on the grounds that the Declaration supporting the motion is not signed and, therefore, Plaintiff has not established good cause for early discovery. Even if the Declaration was signed, however, the Declaration fails to establish good cause. The Declaration fails to include any information regarding Mr. Griffin's educational background or experience or how he purportedly has knowledge of BitTorrent swarms and internet service provider practices and procedures to show good cause for expedited discovery. Furthermore, the Declaration fails to address the risk of false positives and likelihood that the subscriber of an IP address is not the actual infringer. Plaintiff's Motion for Early Discovery simply does not meet the standard for good cause, particularly considering the nature of this case. Based on the foregoing, Defendant Doe respectfully requests that the order granting Plaintiff's Motion for Early Discovery be vacated, that the subpoena to Comcast be quashed, and that this action be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendant DOE, respectfully requests this Court to enter an order: (i) vacating the Court's order granting Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference; (ii) quashing the subpoena to Comcast Cable Holdings, LLC; (iii) dismissing this action; and (iv) for such other and further relief as the Court deems appropriate.

Respectfully submitted,

DOE, Defendant

By: /s/ Kristen E. O'Neill
One of its attorneys

Ms. Kristen E. O'Neill, ARDC #6300008
LEVIN GINSBURG
180 North LaSalle Street, Suite 3200
Chicago, Illinois 60601-2800
Telephone: 312-368-0100
Facsimile: 312-368-0111
Email: koneill@lgattorneys.com